# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC CHRISTIAN SERRANO,<br><br>Petitioner,<br><br>v.<br><br>CALIFORNIA FOURTH APPELLATE DISTRICT COURT OF APPEALS,<br><br>Respondent. | Civil No.   11-2742 IEG (PCL)<br><br>**ORDER DENYING IN FORMA PAUPERIS APPLICATION AND DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, along with a request to proceed in forma pauperis. (See ECF Nos. 1, 2.)

## APPLICATION TO PROCEED IN FORMA PAUPERIS

Petitioner has not paid the $5 filing fee and has filed a request to proceed in forma pauperis which reflects a balance of $82.01 in his prison trust account. The filing fee associated with this type of action is $5.00. See 28 U.S.C. § 1914(a). It appears Petitioner can pay the requisite filing fee. Accordingly, the Court **DENIES** the request to proceed in forma pauperis.

## VENUE

A petition for writ of habeas corpus may be filed in the United States District Court of either the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced. *See* 28 U.S.C. § 2241(d); *Braden v. 30th Judicial*

1  *Circuit Court*, 410 U.S. 484, 497 (1973).  Petitioner is presently confined at Calipatria State
2  Prison, located in Imperial County, which is within the jurisdictional boundaries of the United
3  States District Court for the Southern District of California.  *See* 28 U.S.C. § 84(d).  Petitioner
4  does not specify where his state court conviction occurred although it appears he may have been
5  convicted in the Superior Court of Riverside County, California.  (See Pet. at 2.)  Thus, it is
6  currently unclear whether this Court has jurisdiction in this matter.  Petitioner must tell the Court
7  where he suffered the conviction which he seeks to challenge in this matter.

## FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES

9  Further, habeas petitioners who wish to challenge either their state court conviction or the
10  length of their confinement in state prison, must first exhaust state judicial remedies.  28 U.S.C.
11  § 2254(b), (c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987).  To exhaust state judicial
12  remedies, a California state prisoner must present the California Supreme Court with a fair
13  opportunity to rule on the merits of every issue raised in his or her federal habeas petition.  28
14  U.S.C. § 2254(b), (c); Granberry, 481 U.S. at 133-34. Moreover, to properly exhaust state court
15  remedies a petitioner must allege, in state court, how one or more of his or her federal rights
16  have been violated.  The Supreme Court in Duncan v. Henry, 513 U.S. 364 (1995) reasoned:
17  "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal
18  rights, they must surely be alerted to the fact that the prisoners are asserting claims under the
19  United States Constitution."  Id. at 365-66 (emphasis added).  For example, "[i]f a habeas
20  petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the
21  due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only
22  in federal court, but in state court."  Id. at 366 (emphasis added).

23  Nowhere on the Petition does Petitioner allege that he raised his claims in the California
24  Supreme Court.  If Petitioner has raised his claims in the California Supreme Court he must so
25  specify.  "The burden of proving that a claim has been exhausted lies with the petitioner."
26  Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997); see Breard v. Pruett, 134 F.3d 615, 619
27  (4th Cir. 1998); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997); Oyler v. Allenbrand,
28  23 F.3d 292, 300 (10th Cir. 1994); Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994).

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West Supp. 2002).

The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); <u>see</u> <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999). <u>But see</u> <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a <u>federal</u> habeas petition is pending. <u>Duncan v. Walker</u>, 533 U.S. 167, 181-82 (2001).

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged exhaustion of state court remedies.

//

//

**FAILURE TO NAME PROPER RESPONDENT**

Review of the Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. <u>Ortiz-Sandoval v. Gomez</u>, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. <u>See</u> <u>id.</u>

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." <u>Id.</u> "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" <u>Id.</u> (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" <u>Id.</u> (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." <u>Ashley v. Washington</u>, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." <u>Ortiz-Sandoval</u>, 81 F.3d at 895.

Here, Petitioner has incorrectly named "California Fourth Appellate District Court of Appeals," as Respondent. In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the state correctional facility in which Petitioner is presently confined or the Director of the California Department of Corrections. <u>Brittingham v. United States</u>, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

//

//

## **FAILURE TO STATE GROUNDS FOR RELIEF IN PETITION**

In addition, Rule 2(c) of the Rules Governing Section 2254 Cases states that the petition "shall set forth in summary form the facts supporting each of the grounds . . . specified [in the petition]." Rule 2(c), 28 U.S.C. foll. § 2254. See also Boehme v. Maxwell, 423 F.2d 1056, 1058 (9th Cir. 1970) (trial court's dismissal of federal habeas proceeding affirmed where petitioner made conclusory allegations instead of factual allegations showing that he was entitled to relief). Here, Petitioner has violated Rule 2(c) because he fails to state grounds for relief in the Petition. While courts should liberally interpret pro se pleadings with leniency and understanding, this should not place on the reviewing court the entire onus of ferreting out grounds for relief. Zichko v. Idaho, 247 F.3d 1015, 1020-21 (9th Cir. 2001).

This Court would have to engage in a tenuous analysis in order to attempt to identify and make sense of the Petition and its numerous attachments. In order to satisfy Rule 2(c), Petitioner must point to a "real possibility of constitutional error." Cf. Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977) (internal quotation marks omitted). Facts must be stated, in the petition, with sufficient detail to enable the Court to determine, from the face of the petition, whether further habeas corpus review is warranted. Adams v. Armontrout, 897 F.2d 332, 334 (8th Cir. 1990). Moreover, the allegations should be sufficiently specific to permit the respondent to assert appropriate objections and defenses. Harris v. Allen, 739 F. Supp. 564, 565 (W.D. Okla. 1989). Here, the lack of grounds for relief in the Petition prevents the Respondent from being able to assert appropriate objections and defenses.

Due to Petitioner's unsatisfactory showing, the Court dismisses the action without prejudice. Should Petitioner decide to file a new petition, he is advised to *clearly and succinctly* state all grounds for relief using the First Amended Petition form sent to Petitioner with this order.

//
//
//
//

### FAILURE TO USE PROPER FORM

Additionally, a Petition for Writ of Habeas Corpus must be submitted in accordance with the Local Rules of the United States District Court for the Southern District of California. See Rule 2(c), 28 U.S.C. foll. § 2254. In order to comply with the Local Rules, the petition must be submitted upon a court-approved form and in accordance with the instructions approved by the Court. Presently, Petitioner has submitted an application for writ of habeas corpus on a non-approved form.

### FAILURE TO SIGN PETITION

Rule 2(c) of the Rules Governing Section 2254 Cases provides that "[t]he petition shall be typewritten or legibly handwritten and shall be signed under penalty of perjury by the petitioner." Rule 2(c), 28 U.S.C. foll. § 2254 (emphasis added). Here, Petitioner has failed to sign the Petition.

### CONCLUSION AND ORDER

For the foregoing reasons, the Court **DENIES** Petitioner's request to proceed in forma pauperis, and **DISMISSES** the case without prejudice and with leave to amend for Petitioner's failure to demonstrate venue is proper in this Court, allege exhaustion of state judicial remedies, name a proper respondent, state grounds for relief in the petition, use the proper form, and sign the petition. To have this case reopened, Petitioner must submit the requisite fee **AND** file a First Amended Petition no later than February 7, 2012 in conformance with this Order. *The Clerk of Court is directed to send Petitioner a blank First Amended Petition form along with a copy of this Order.*

**IT IS SO ORDERED.**

DATED: **December 6, 2011**

*[signature]*

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**